```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JASON HOLLOWAY                                          PLAINTIFF

VS.                         CIVIL ACTION NO. 5:11-cv-143(DCB)(JMR)

JACQUELYN BANKS; L. PERRY;
SUE BUCKHALTER; UNKNOWN WILLIAMS;
MRS. GRIFFIN; MRS. DENNIS; MRS. RODGERS;
MR. WALKER; MRS. RAMSEY; D. HOLMES;
MRS. VINES AND E. SCOTT                                DEFENDANTS
```

ORDER

This cause is before the Court on the pro se plaintiff Jason Holloway ("Holloway")'s motion for reconsideration **(docket entry 35)** of this Court's Order adopting Chief Magistrate Judge John M. Roper's Report and Recommendation and dismissing this action without prejudice. Also pending is the plaintiff's motion to amend complaint **(docket entry 38)**. Having carefully considered the plaintiff's motions, and being fully advised in the premises, the Court finds as follows:

This action was commenced on October 3, 2011, with the filing of the plaintiff's Complaint alleging unconstitutional conditions of confinement during his incarceration in the Wilkinson County Correctional Facility ("WCCF"), pursuant to 42 U.S.C. § 1983. The Complaint alleges medical mistreatment by WCCF staff between March 31, 2011, and April 17, 2011. The Complaint also alleges that on June 17, 2011, the plaintiff "snitched on a lot of inmates and police," and that consequently he feared for his life and requested

a transfer, but the transfer was denied.

On October 4, 2011, Magistrate Judge Roper entered an order warning the plaintiff that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the plaintiff and may result in the dismissal of this case." Order (docket entry 4), p. 2. On November 8, 2011, an Order was entered by the undersigned district judge containing the same warning as Magistrate Judge Roper's October 4 Order. Order (docket entry 13), p. 1.

On December 28, 2011, the plaintiff filed a motion to amend his complaint. On January 19, 2012, he wrote to the clerk of court advising that he would be released from prison on January 20, 2012, and informing the Court of his new address in Corinth, Mississippi. On February 8, 2012, an Order was entered granting the plaintiff's motion to amend his complaint, and allowing him 20 days to file his amended complaint. The Order was mailed to the Corinth address provided by the plaintiff and was not returned undeliverable. On February 9, 2012, the Court entered a Scheduling Order providing a July 11, 2012, discovery deadline and a July 31, 2012, dispositive motion deadline. In addition, a separate text order was entered. These were also mailed to the Corinth address and not returned undeliverable. The plaintiff did not amend his complaint, and did not otherwise communicate with the Court.

On July 11, 2012, the Court set an omnibus hearing for September 10, 2012. A copy of the text order setting the hearing was mailed to the Corinth address via certified mail. On July 23, 2012, the clerk of court received the returned certified letter addressed to the plaintiff, marked "Return to Sender / Not Deliverable as Addressed / Unable to Forward." On September 4, 2012, the Court cancelled the omnibus hearing. Notice of the cancellation was sent to the plaintiff at the Corinth address.

On September 24, 2012, Magistrate Judge Roper entered an Order to Show Cause, advising the plaintiff of the Court's authority to dismiss his complaint for failure to prosecute, and requiring him to show cause within 15 days why his case should not be dismissed for his failure to keep the Court apprised of his current address. The Order was mailed via certified mail to the Corinth address. An acknowledgment of receipt was signed on September 27, 2012, and filed on October 1, 2012, but the signature thereon is not that of the plaintiff.

On November 13, 2012, Magistrate Judge Roper entered a Report and Recommendation recommending dismissal of this action without prejudice for failure to prosecute. The plaintiff was reminded of his right to object to the Report and Recommendation within 14 days. A copy of the Report and Recommendation was mailed via certified mail to the Corinth address. The certified letter was returned, marked "Return to Sender / Unclaimed," in addition to the

3

dates "11-16-12, 11-21, and 12-1," and was filed by the clerk of court on December 13, 2012.

On January 15, 2013, this Court adopted the Report and Recommendation and dismissed the plaintiff's action without prejudice. On January 18, 2013, the clerk of court received a letter from the plaintiff which was docketed as a "Letter Motion for Copies." The letter requested that the plaintiff be allowed to proceed with his case. He also advised:

> Since February 201_ [illegible] I've been incarcerated at Alcorn County Jail with no legal assistance so I've lost all my legal materials for this case. I'm asking this court to please grant me a copy of all matters that have been mailed to or dealing with this case.

Letter (docket entry 31), p. 1. The return address on the envelope was "Jason Holloway #M0998 / C.M.C.F. R&C Section 4 cell #101 / P.O. Box 88550 / Pearl, MS 39288." The clerk of court duly entered the change of address the day it was received. On January 30, 2013, the clerk forwarded copies of the Order Adopting Report and Recommendation and Final Judgment to the plaintiff.

On February 20, 2013, the plaintiff mailed his Motion for Reconsideration, which was received by the clerk on February 26, 2013. In his motion, Holloway states that he sent a change of address (i.e. the Corinth address) to the Court on January 24, 2012. He also states that on February 16, 2012, he was "placed back in jail at Alcorn County Jail," and that he "never got any mail mailed to the [Corinth] address." Motion for Reconsideration,

¶ I.  Holloway further states that "[t]he people I was staying with ... threw all my belongings away.  I never even knew that any mail was sent to that address."  Id., ¶ II.  "On Nov. 5th I got sent back to prison and have been moved multiple times since I've been back in prison.  I'm still being moved from building to building."  Id., ¶ 3.

A "motion for reconsideration" is not explicitly recognized by the Federal Rules of Civil Procedure.  The Fifth Circuit "has consistently stated, however, that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend judgment' under Rule 59(e) or as a motion for 'relief from judgment' under Rule 60(b)."  Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)(abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 n.14 (5th Cir. 1994)).  Since the plaintiff's motion was not filed within twenty-eight days of the Final Judgment as required under Rule 59(e), the Court will consider the plaintiff's motion under Rule 60(b).

A party seeking relief under Rule 60(b) must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, ... misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been

5

satisfied ...; or (6) any other reason that justifies relief. Construing the pro se plaintiff's motion liberally, the Court finds that, at best, he is seeking relief under clause (1) for mistake, inadvertence, surprise or excusable neglect, or under clause (6) for any other reason justifying relief.  Specifically addressing these two categories of relief, the Fifth Circuit has explained:

> Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief. A party has a duty of diligence to inquire about the status of a case; Rule 60(b) relief will only be afforded in "unique circumstances." ...
>
> As for a motion under clause (6), the movant must show "the initial judgment to have been manifestly unjust." Clause (6) is a residual or catch-all provision to cover unforeseen consequences - a means to accomplish justice under exceptional circumstances.

Edward H. Bohlin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 357 (5th Cir. 1993)(citations omitted).

> The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made.  A party remains under a duty to take legal steps to protect his own interests.

United States v. O'Neil, 709 F.2d 361, 373 n.12 (5th Cir. 1983).

The plaintiff did not communicate with the Court from January 19, 2012, until January 18, 2013.  Rule 11 of the Local Uniform Civil Rules provides that "every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes."  L.U.C.R. 11.  In addition, on October 4, 2011, and again on November 8, 2011, the Court warned the plaintiff that failure to advise the Court of a change of address could result in

dismissal of his case. That the plaintiff understood the importance of notifying the Court when his address changed is evidenced by the notice he sent to the clerk of court on January 19, 2012.

Furthermore, the plaintiff knew that he had filed a motion to amend his complaint on December 28, 2011. Not only did he have a duty to notify the Court of any change of address; he also had a duty to contact the Court to inquire about the status of his case. Bradley v. Woodall, 2013 WL 2629787 *2 (S.D. Miss. June 11, 2013). He failed to make any inquiry whatsoever for approximately one year. The plaintiff fails to show any efforts he made to contact the Court. Instead, he attempts to shift responsibility for his lack of diligence to others. The Court finds that the plaintiff has failed to show adequate justification for his failure to prosecute this case, and that he has failed to demonstrate that he is entitled to relief under Rule 60(b).

The Court also notes that this case was dismissed without prejudice, meaning the dismissal does not bar the plaintiff from filing a new and separate § 1983 case regarding the complained of incidents that occurred in March and April of 2011. The applicable statute of limitations for § 1983 cases filed in the State of Mississippi is three years. See Walker v. Epps, 550 F.3d 407, 415 (5th Cir. 2008).

The Court also finds that because the plaintiff is not

entitled to relief under Rule 60(b), his motion to amend complaint is moot and shall be denied on that basis.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff Jason Holloway's motion for reconsideration **(docket entry 35)** of this Court's Order adopting Chief Magistrate Judge John M. Roper's Report and Recommendation and dismissing this action without prejudice is DENIED;

FURTHER ORDERED that the plaintiff's motion to amend complaint **(docket entry 38)** is DENIED AS MOOT.

SO ORDERED, this the 19th day of September, 2013.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE